**Rocky Fujio TAKUSHI, individually and as Trustee of The Albert G. Takushi Revocable Living Trust dated April 11, 2007, Plaintiff–Appellant,**

**v.**

**BAC HOME LOANS SERVICING, LP, a Texas limited partnership and DOES 1–50, Defendants–Appellees.**

**No. 12–15211.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2013.*

Filed Oct. 16, 2013.

Frederick John Arensmeyer, Esquire, Law Office of Frederick Arensmeyer, Gary Victor Dubin, Esquire, Senior, Dubin Law Offices, Honolulu, HI, for Plaintiff–Appellant.

Andrew James Lautenbach, Esquire, Starn O'Toole Marcus & Fisher, Honolulu, HI, David Jason De Jesus, Esquire, Adam Michael Forest, Reed Smith LLP, San Francisco, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, and CLIFTON and WATFORD, Circuit Judges.

MEMORANDUM **

The district court properly dismissed Takushi's Truth in Lending Act (TILA) claim because it is time barred. Under TILA, a borrower seeking to rescind a mortgage loan must bring suit within three years of consummation of the loan (with one exception not relevant here). 15 U.S.C. § 1635(f). Takushi's loan closed on September 21, 2007, but he did not file suit until February 9, 2011. That Takushi sent a notice of rescission within the three-year period is irrelevant under our decision in *McOmie–Gray v. Bank of America Home Loans,* 667 F.3d 1325, 1329 (9th Cir.2012). The rule announced in *McOmie–Gray* applies retroactively to "all cases still open on direct review," regardless of whether the underlying events pre-date announcement of the rule. *Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *see also Morales–Izquierdo v. DHS,* 600 F.3d 1076, 1087–88 (9th Cir.2010).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.